**Dated: September 17, 2020**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Jorge Alejandro Gamboa, | ) | Case No. 11-16261-JDL |
| | ) | Ch.13 |
| Debtor. | ) | |
| | ) | |
| James S. Matthews, Jr., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 17-1006-JDL |
| | ) | |
| Jorge Alejandro Gamboa, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR ATTORNEY FEES

### I.  Introduction

Plaintiff/Creditor, James S. Matthews, Jr., Debtor's former attorney in state administrative matters ("Matthews"), brought this adversary proceeding pursuant to 11 U.S.C. §§ 1328(a) and 523(a)(3)(A) seeking to have the Court determine that the debt owed him for unpaid legal services as represented by a state court judgment was nondischargeable based on Debtor's failure to schedule the debt in his Chapter 13

bankruptcy. Following a trial conducted on June 3, 2020, and based on the evidence presented, the Court found that at the time of the filing of bankruptcy and for several months, if not years, thereafter the Debtor believed that any debt to Matthews had been paid. Pursuant to 11 U.S.C. § 523(a)(3) which makes nondischargeable debts which a debtor neither listed nor scheduled "if known to the debtor," the Court held that inasmuch as Mathews' unscheduled debt was not "known" to the Debtor when he filed his bankruptcy schedules and did not receive notice of the claim until after the claims bar date, the debt was not excepted from discharge. Having prevailed at trial on the issue of dischargeability, the Debtor has now moved for an award of attorneys fees as the "prevailing party".

Before the Court for consideration are the *Motion for Attorneys Fees* filed by the Debtor [Doc. 121] which seeks attorneys fees in the amount of $16,630; *Plaintiff's Amended Objection and Brief to Defendant's Motion for Attorney Fees* [Doc. 129]; *Response by Matthews to Order Searching for Code Authority to Award Fees as Costs to the Prevailing Party* [Doc. 152]; and the Debtor's *Supplemental Brief in Support of Motion for Attorney Fees* [Doc. 153]. The following represents the findings of fact and conclusions of law required by Fed.R.Bankr.P. 7052[1] upon which the Court's decision is based.

## II. Discussion

Under the "American Rule," which is applicable to litigation in federal courts, each litigant is required to bear its own attorney's fees, and the prevailing party cannot recover attorney's fees from the losing party unless that party would be entitled to such fees under

---

[1] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure or to the Federal Rules of Civil Procedure made applicable to bankruptcy proceedings, unless otherwise indicated.

an applicable statute or valid contract to the extent such fees would be recoverable under state law. The majority of circuits, including the Tenth Circuit, hold that in § 523 litigation, the American Rule applies. See *Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1237-38 (10th Cir. 1999) (citing *Alyeska Pipeline Service Co. v. The Wilderness Society*, 421 U.S. 240, 257, 95 S.Ct. 1612 (1975)); *In re Sheridan*, 105 F.3d 1164, 1166 (7th Cir. 1997); *In re Fox*, 725 F.2d 661, 662 (11th Cir. 1984); *Busch v. Hancock (In re Busch)*, 369 B.R. 614, 624-25 (10th Cir. BAP 2007) (holding that attorney's fees can be recovered in a nondischargeability action if authorized by state statute) (citing *Travelers Casualty & Surety Co. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 127 S.Ct.1199 (2007)).

The Bankruptcy Code does not provide a general right to recover attorney fees, including in nondischargeability actions brought under § 523. *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). There are only four specific statutory provisions for the award of attorney's fees in the Bankruptcy Code: (1) Section 506(b) permits an over secured creditor its attorney's fees if the contract so provides; (2) Section 303(i)(1)(B) grants the bankruptcy court the discretion to award attorney's fees to the debtor in the event an involuntary petition is dismissed without the consent of the debtor; (3) Section 362(k)(1) allows the court to award attorney's fees to an individual injured by the willful violation of the automatic stay; and (4) Section 523(d) which provides that a *debtor* may recover its attorney's fees if the creditor brings a dischargeability proceeding that the court finds was not substantially justified. (Emphasis added).

Section 523(d) is the only provision under the Bankruptcy Code specifically addressing the recovery of attorney's fees to the prevailing party in a nondischargeability

adversary. Gamboa has not asserted recovery of his fees based on § 523(d), and, in any event, the Court finds the section does not apply to the present fact situation. Section 523(d) applies where the creditor seeks a determination of dischargeability of a *consumer debt* where the debt is discharged and the court finds that the position of the creditor was not substantially justified. Section 101(8) defines "consumer debt" as "debt incurred by an individual primarily for a personal, family, or household purpose." Debts incurred by the debtor with a profit motive are not consumer debts. *In re Booth*, 858 F.2d 1051, 1055 (5th Cir. 1988); *In re Stine*, 254 B.R. 244, 249 (9th Cir. BAP 2000). In the present case, Matthews was seeking to have declared nondischargeable his legal fees for representing the Debtor, a licensed real estate agent, in an administrative action regarding the Debtor's Oklahoma real estate license. These services were clearly for a business, and not a consumer, purpose. Furthermore, § 523(d) applies only where the creditor has brought an action to determine a debt nondischargeable under § 523(a)(2) (for fraud, misrepresentation, false representation, a false statement regarding financial condition or incurring consumer debt immediately before bankruptcy). It is not applicable to prevailing parties in litigation arising under other subsections of § 523. Here, creditor Matthews based his nondischargeability claim on § 523(a)(3).

While there was no written contract between Matthews and Gamboa which could have provided for the recovery of attorney's fees, there is an Oklahoma statute which provides for attorney's fees to the prevailing party in an action brought for labor or services rendered. Title 12 O.S. § 936(A) provides as follows:

> A. In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account

>  stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

This is the statute upon which Matthews relied in being awarded attorney's fees in the state court action against Gamboa, and upon which Gamboa now relies in asserting that as the prevailing party in this adversary he is entitled to attorney's fees.

Gamboa argues that inasmuch as the underlying State Court Petition was filed by Matthews for labor or services (legal services) rendered and the subsequent Default Judgment entered in his favor provided for the recovery of attorney's fees, he is entitled to attorney's fees as the prevailing party in the dischargeability action.  In response, Matthews argues that the sole issue in the bankruptcy adversary was whether the debt owed him was nondischargeable because of Gamboa's failure to schedule him as a creditor and not the underlying claim that Matthews was entitled to recover for his labor and services. Matthews' claim for services rendered had been adjudicated in the State Court and was not substantively challenged by Gamboa in the adversary proceeding.

While not articulated as such, Matthews' argument is essentially that the Court should employ what had been known as the *Fobian* rule. *Fobian v. Western Farm Credit Bank (In re Fobian)*, 951F.2d 1149 (9th Cir. 1991).  In *Fobian* the Ninth Circuit adopted the general rule that "[w]here a contract or statute provides for an award of attorney's fees, a creditor may be entitled to such fees in bankruptcy proceedings. Such an award is governed by state law", but, "[w]here the litigated issues involve not basic contract enforcement questions, but issues peculiar to federal bankruptcy law, attorney's fees will

5

not be awarded absent bad faith or harassment by the losing party." *Id.* 951 F.2d 1149, 1153. Simply put, the *Fobian* rule was that attorney fees are not recoverable in bankruptcy for litigating issues peculiar to federal bankruptcy law. Similarly Matthews, appears to be making the same argument here: that the substantive issues of this adversary were not based on the Oklahoma statute, Title 12 O.S. § 936, which allows attorney's fees in actions brought for services rendered but solely issues of federal bankruptcy law, i.e. whether the State Court Judgment was nondischargeable because of Gamboa's failure to schedule the debt as required by § 523(a)(3). *See Burns v. Great Lakes Higher Education Corp. (In re Burns)*, 3 Fed.Appx. 689, 690 (10th Cir. 2001) (quoting *Heritage Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir.1997) (stating that a "prevailing party in a bankruptcy proceeding may be entitled to an award of attorney's fees in accordance with applicable state law *if state law governs the substantive issues* raised in the proceedings." (Emphasis added).

If the *Fobian* rule were good law today, this Court would have an easy time in finding that Gamboa prevailing in discharging his debt to Matthews, notwithstanding his failure to schedule the same, was solely an issue of bankruptcy, not state, law for which attorney fees were not allowable. The *Fobian* rule, however, no longer exists.[2] In *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 127 S.Ct. 1199 (2007) the Supreme Court was asked to consider "whether federal bankruptcy law precludes an unsecured creditor from recovery of attorney's fees

---

[2] In *Travelers* the Supreme Court left no doubt that *Fobian* was abrogated: "The *Fobian* rule finds no support in § 502 or elsewhere in federal bankruptcy law. *** The absence of such textual support is fatal for the *Fobian* rule....[I]t necessarily follows that the *Fobian* rule cannot stand."

6

authorized by a prepetition contract (or in the present case a state statute authorizing the same) incurred in post-petition litigation." *Id*. at 445. *Travelers* overruled the Ninth Circuit, finding that the *Fobian* rule-distinguishing between litigation over contract enforcement under non-bankruptcy law and "pure" bankruptcy law litigation, "had no support in the Bankruptcy Code." *Id*. The Supreme Court concluded that because there is no Bankruptcy Code provision expressly disallowing claims for attorney's fees incurred by creditors in the litigation of bankruptcy issues, the Ninth Circuit's rule could not stand. The holding in *Travelers* was quite limited: "This case requires us to consider whether the Bankruptcy Code disallows contract-based claims for attorney's fees based solely on the fact that the fees at issue were incurred litigating issues of bankruptcy law. We conclude that it does not." [3]

While *Travelers* abrogated the *Fobian* rule it does not determine the issue before this Court as to whether to award attorney fees to Gamboa. *Travelers* supports the proposition that an unsecured creditor may assert a post-petition claim for attorney fees against the estate if state law permits such fees, but it's holding does not say it applies to nondischargeable claims against the debtor.[4] Rather, the right to recover attorney fees in

---

[3] The Supreme Court in *Travelers* issued a disclaimer as to the scope of its opinion:

> Accordingly, we express no opinion with regard to whether, following the demise of the *Fobian* rule, *other principles of bankruptcy law* might provide an independent basis for disallowing Travelers' claim for attorney's fees. We conclude only that the Court of Appeals erred in disallowing that claim based on the fact that the fees at issue were incurred litigating issues of bankruptcy law. [Emphasis added]. *Id*., at 456.

[4] See, Weintraub, *Fobian Rule is a Casualty of Travelers: The Supreme Court's Decision Raises New Questions for Bankruptcy Attorneys*, 16 Business Law Today 61 (July/August 2007); *What Happens to a Creditor's Post-Petition Litigation Costs?*, 34 American Bankruptcy Institute Journal 26 (October, 2015).

7

nondischargeability cases is determined by *Cohen v. De La Cruz,* 523 U.S. 213, 118 S.Ct. 1212 (1998).

In *Cohen*, the Supreme Court held that the discharge exception set forth in § 523(a)(2)(A) applies to all liability arising on account of a debtor's fraudulent conduct, including attorney's fees and costs, if the state statute governing the nature of the claim provided for the same to the prevailing party. The Supreme Court inferred that it's holding would apply to nondischargeability cases under other paragraphs in § 523 as well, such as (a)(1), (a)(4), (a)(6) and (a)(9). *Id.* at 219-20. Following *Cohen*, courts have allowed attorney fees in § 523 dischargeability actions if a contract or applicable state statute provides for the same. See e.g. *In re Smith*, 321 B.R. 542 (Bankr. D. Colo. 2005) (§ 523(a)(6)); *In re Dinan,* 448 B.R. 775 (9th Cir. BAP 2011) (§ 523(a)(14)). The Court has only been able to find one case which presented the issue as to whether or not a § 523(a)(3) dischargeability case entitled a party to attorney's fees. *In re Zito,* 604 B.R. 388, 392-93 (9th Cir. BAP 2019) the court stated the following:

> Although we could not locate a case where a court has applied or refused to apply *Cohen* to § 523(a)(3), we see no logical reason why its holding would not extend to § 523(a)(3). See *Brown v. Link (In re Link),* 538 B.R. 783, 792 (Bankr. E.D. Mo. 2015) (reasoning that *Cohen* applies to *any* exception of a debt from discharge under § 523(a). *Cohen* is also not limited to attorney's fees awarded under state or federal statutes; it applies equally to cases in which fees are provided for by contract. (Citations omitted).
>
> '[U]nder *Cohen*, the determinative question for awarding attorney's fees is whether the creditor would be able to recover the fee outside of bankruptcy under state or federal law.' (Citations omitted).

8

The facts in *Zito* differ from those presented here. In *Zito* the Bankruptcy Court found that any debt on the Debtor's Personal Guarantee was not discharged by virtue of the debtor's failure to schedule the debt and awarded attorney fees to the creditor. The state court litigation which the creditor brought against the debtor on the Personal Guarantee had not yet been concluded. Because that litigation was still pending, there was no "prevailing party" as of yet. The BAP found that the Bankruptcy Court had erred by prematurely awarding the creditor its attorney's fees and costs. Further, the BAP found that if the creditor should prevail in the state court litigation, that court should include the post-petition attorney's fees which the Bankruptcy Court had awarded to the creditor in the § 523(a)(3) adversary. Unlike here, there was never any question as to whether the debtor was the "prevailing party" in the § 523(a)(3) adversary but the "non- prevailing party" in the underlying state court litigation. While Zito is certainly not binding authority on this Court, it is clear that it is factually distinguishable. To the extent that it could possibly be read to suggest a general rule that a prevailing debtor in a § 523(a)(3) action is entitled to recover attorney fees, this Court rejects it.

It is clear that *Cohen* does not itself create an independent right to attorney's fees for the benefit of a party who prevails in a § 523 dischargeability proceeding. Instead, it clarifies that attorney's fees must be supported by a statute that awards attorney's fees to the prevailing party. The Bankruptcy Court must inquire as to whether the creditor would be entitled to attorney's fees in state court for establishing those elements of the claim which the Bankruptcy Court finds support a conclusion of nondischargeability. *Kilborn v.Haun (In re Haun)*, 396 B.R. 522 (Bankr. D. Idaho 2008). The supporting statute here

9

is Title 12 O.S. § 936. There is no doubt for Title 12 O.S. § 936 purposes that Matthews was the prevailing party in the state court action. There is an unappealed final judgment to that effect, and Gamboa didn't, and couldn't, challenge the validity of that judgment in this adversary. It would be incongruous, if not nonsensical, to find that Gamboa was entitled to attorney's fees as the "prevailing party" in an action based on Title 12 O.S. § 936 when he was judicially determined to be the "non-prevailing party" under that statute.[5]

As noted above, the only Bankruptcy Code provision which specifically provides for attorney fees to a prevailing debtor is § 523(d), a fee-shifting statute which applies only to § 523(a)(2) claims in consumer debt cases. Had Congress intended to create a specific right of a prevailing *debtor* to recover attorney fees in *any* nondischargeability action it could have so provided when it enacted § 523(d). Section 523(d) has no applicability to any of the other exceptions to discharge found in § 523(a). *Deutsche Financial Services Corp. v. Osborne (In re Osborne)* 257 B.R. 28, 32 (Bankr. C.D. Cal. 2000).

### III. Conclusion

For the reasons stated above,

IT IS ORDERED that the Defendant's *Motion for Attorney Fees* [Doc. 121] is hereby **Denied.**

# # #

---

[5] As a practical matter, the issue before this Court would probably never arise if a debtor was the prevailing party in the state court litigation because there would be a state court determination that no debt was owed to the creditor.